**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  09-cr-00534-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JAMES G. MAXFIELD,

    Defendant.

---

**ORDER GRANTING MOTIONS TO CONTINUE TRIAL
AND
TO EXCLUDE TIME FROM SPEEDY TRIAL COMPUTATION**

---

**Blackburn, J.**

The matters before me are (1) defendant's **Unopposed Motion To Continue Trial** [#22][1] filed January 28, 2010, and (2) defendant's **Unopposed Motion To Continue the Motions Filing Deadline** [#26] filed February 5, 2010.  I held a hearing on these motions on February 17, 2010. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the hearing.

In determining a motion to continue a trial, the Tenth Circuit has established the following relevant factors:

> (1) the diligence of the party requesting the continuance;
> (2) The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> opposing party, its witnesses, and the court resulting from the continuance: [and] (4) The need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is "by far the most important." **Id.** at 1476.  I have considered carefully each of these factors and find that on balance they weigh heavily in favor of a continuance of the trial.

The defendant's motions implicate also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> 
> . . . .
> 
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  **See** 18 U.S.C. § 3161(c)(1); **United States v.**

*Lugo*, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

>       preparation, taking into account the exercise of due
>       diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have discharged these duties.

The defendant's motions are unopposed, and, thus, the various averments of fact alleged in the motions essentially have been confessed by the government. Thus, those foundational and predicate facts are deemed established, and I need not reiterate them here. Defendant's motions describe the various factors that counsel believe necessitate a continuance of the trial, the trial preparation conference, and the filing deadlines in this case, and I adopt and incorporate those facts and the concomitant findings of fact that I entered during the hearing on February 17, 2010.

Defense counsel has been working diligently to obtain and review discovery in this matter. Notwithstanding, defense counsel needs a reasonable time to obtain, organize, and analyze discovery, prepare pretrial motions, prepare for pretrial hearings, react to my rulings on anticipated pretrial motions, and finalize preparation for trial,

which is estimated reasonably to require five days.  In addition, defense counsel currently has a trial set in another court that conflicts with the current trial setting in this case.  At the hearing on February 17, 2010, the court and all parties analyzed and determined together in a reticulated way the time reasonably necessary to complete each discrete step in the orderly pretrial development of this case, and such analysis and the resultant determinations and deadlines are incorporated by reference.

I relied on the considerable professional experience and judgment of all counsel in fashioning a reasonable pretrial scheduling order. Additionally, I was sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **Mobile Materials, Inc. v. United States**, 871 F.2d 902 (10th Cir. 1989); **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); and **United States v. Toombs**, 574 F.3d 1262, 1269 (10th Cir. 2009).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by the defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That even considering due diligence, failure to grant the motions would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional one hundred seventy-five (175) days from February 17, 2010, should be excluded from the computation of the speedy trial time; and

(4) That, therefore, the ends of justice served by granting the motions outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Unopposed Motion To Continue Trial** [#22] filed January 28, 2010, and the defendant's **Unopposed Motion To Continue the Motions Filing Deadline** [#26] filed February 5, 2010, are **GRANTED**;

2. That **one hundred seventy-five (175) days** from February 17, 2010, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

3. That the extant deadlines for the filing of pretrial motions and responses are **VACATED**;

6. That all non-CJA pretrial motions **SHALL BE FILED** by April 7, 2010;

7. That any response to a timely filed pretrial motion **SHALL BE FILED** by April 19, 2010;

8. That any pretrial motion that the court determines should be set for hearing **SHALL BE SET** for hearing during a telephonic motions setting conference on April 20,

2010, at 10:00 a.m. (MDT), at which the defendant need not appear; provided, furthermore, that counsel for the government **SHALL ARRANGE** and **COORDINATE** the conference call necessary to facilitate the setting conference;

9. That the Trial Preparation Conference, currently scheduled for March 5, 2010, and the trial, currently scheduled to commence on Monday, March 8, 2010, are **VACATED**;

10. That instead, and as agreed by all, the Trial Preparation Conference **SHALL BE HELD** on Friday, **August 13, 2010**, at 1:30 p.m.;

11. That instead, and as agreed by all, trial by jury **SHALL COMMENCE** on Monday, **August 16, 2010**, at 8:30 a.m. (MDT), in Courtroom A1001, Tenth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, with the court reserving five (5) days for trial; and

12. That the **Trial Preparation Conference Order** [#14] entered January 7, 2010, is **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

Done in chambers February 24, 2010, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench following hearing on February 17, 2010.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge